## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JUAN EDUARDO LEMOS,** : | |
| **MILTON SANCHEZ, JULIO CESAR** : | |
| **CRUZ, SEBASTIAN LEMOS, JAIME** : | |
| **GARCIA, and BEATRIZ RAMIREZ** : | **Civil Action Number:** |
| : | |
| **Plaintiffs,** : | |
| : | **Jury Trial Demanded** |
| : | |
| **vs.** : | |
| **M & D K CONTRACTORS, INC., ED** : | |
| **PAINTING, INC., and EDWIN** : | |
| **SANTOS,** : | |
| : | |
| **Defendants.** : | |

## COMPLAINT

Plaintiffs Juan Eduardo Lemos (hereinafter "J. Lemos"), Milton Sanchez

Julio Cesar Cruz (hereinafter "Cruz"), Sebastian Lemos (hereinafter "S. Lemos"),

Jaime Garcia (hereinafter "Garcia") and Beatriz Ramirez (hereinafter "Ramirez"),

by and through the undersigned counsel, bring this Complaint against Defendants

M & D K Contractors, Inc. (hereinafter "MDK"),  ED Painting, Inc., (hereinafter

"ED") and Edwin Santos (hereinafter "Santos") and plead as follows:

## INTRODUCTION

### 1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), hereinafter "the FLSA," and the Davis-Bacon Act of 1931 (40 U.S.C. § 3141 *et seq.*), hereinafter "the Davis-Bacon Act," to (1) recover the overtime pay that was denied them and an additional amount as liquidated damages; (2) to be made whole for work performed as painters at and on United States Government buildings at the prevailing wage determined by the Secretary of Labor under 40 U.S.C. § 3142(b), and (3) for their costs of litigation, including their reasonable attorneys' fees.

### 2.

In addition to their federal causes of action, Plaintiffs assert pendent state law claims to recover deductions that were made from their pay to cover the cost of Workers' Compensation insurance in violation of O.C.G.A. § 34-9-121 and the public policy of the State of Georgia.

## JURISDICTION AND VENUE

### 3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C §§ 1331 and 1337, because this case arises under the FLSA and the Davis Bacon Act, federal statutes that affect interstate commerce.

### 4.

This Court has supplemental jurisdiction over Plaintiffs' state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

### 5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because MDK and ED are located in this judicial district and all the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

6.

MDK employed Plaintiffs in the furtherance of its commercial business in and around Georgia in 2009, 2010, 2011 and 2012.

7.

ED employed Plaintiffs in the furtherance of its commercial business in and around Georgia in 2009, 2010, 2011 and 2012.

8.

Santos employed Plaintiffs in the furtherance of Defendants' commercial business in and around Georgia in 2009, 2010, 2011 and 2012.

9.

MDK is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, MDK has been an "employer," as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

At all times material hereto, MDK has been an "enterprise engaged in commerce," as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

At all times material hereto, MDK had two or more employees "engaged in commerce," as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1 )(A).

13.

At all times material hereto, MDK had two or more "employees handling, selling or otherwise working on goods that have been moved in or produced for commerce by any person," as defined by 29 U.S.C. § 203(s)(1)(A).

14.

At all times material hereto, MDK had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of retail taxes at the retail level that are separately stated), within the meaning of 23 U.S.C. § 203(s)(1)(A).

15.

MDK is subject to the personal jurisdiction of this Court.

16.

MDK may be served with process through is registered agent Edwin Santos at 745 Avalon Forest Drive, Lawrenceville, Georgia 30044.

17.

ED is a corporation organized under the laws of the State of Georgia.

18.

At all times material hereto, ED has been an "employer," as defined in FLSA § 3(d), 29 U.S.C. §203(d).

19.

At all times material hereto, ED has been an "enterprise engaged in commerce," as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

20.

At all times material hereto, ED had two or more employees "engaged in commerce," as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

21.

At all times material hereto, ED had two or more "employees handling, selling or otherwise working on goods that have been moved in or produced for commerce by any person," as defined by 29 U.S.C. § 203(s)(1)(A).

22.

At all times material hereto, ED had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of retail taxes at the retail level that are separately stated), within the meaning of 23 U.S.C. § 203(s)(1)(A).

23.

ED is subject to the personal jurisdiction of this Court.

24.

ED may be served with process through is registered agent Edwin Santos at 745 Avalon Forest Drive, Lawrenceville, Georgia 30044.

25.

MDK comprise a single "enterprise engaged in commerce," as defined in FLSA §3(s)(1)(C); 29 U.S.C. § 203(s)(1)(C).

26.

At all times material hereto, MDK and ED have shared the services of Plaintiffs.

27.

At all times material hereto, MDK and ED have acted directly or indirectly in the interest of each other with respect to Plaintiffs.

28.

At all times material hereto, Plaintiffs have been under the direct control of both MDK and ED.

29.

At all times material hereto, MDK and ED have exercised joint control over the Plaintiffs in their capacity as employees.

30.

At all times material hereto, MDK and ED jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of

excise taxes at the retail level that are separately stated) within the meaning of  29

U.S.C. § 203(s)(1)(A).

31.

At all times material hereto, MDK and ED have been a joint employer of

Plaintiffs within the meaning of the FLSA.

32.

There exists a substantial continuity of the same business operations

between MDK and ED.

33.

MDK operates at the same workplace as ED.

34.

MDK employs substantially the same workforce as ED.

35.

MDK employs workers under the same working conditions as ED employed

workers.

36.

The same jobs exist at MDK as had existed as ED.

9

37.

MDK employs the same supervisors as had worked for ED.

38.

MDK uses the same machinery, equipment and methods of production as ED.

39.

MDK offers the same service as ED.

40.

MDK had notice of ED's FLSA liability before assuming ED's business.

41.

ED is unable to provide full relief to the Plaintiffs for its FLSA violations.

42.

MDK is the *bona fide* successor of ED.

43.

MDK is liable for the FLSA violations of ED.

44.

Santos resides within Gwinnett County, Georgia.

45.

At all times material hereto, Santos has been an "employer," as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

46.

Santos is subject to the personal jurisdiction of this Court.

***Claims of J. Lemos***

47.

From on or about March 1, 2004 until March 28, 2012, J. Lemos was an "employee," as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

48.

From on or about March 1, 2004 until March 28, 2012, J. Lemos has been "engaged in commerce," as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT I

## FAILURE TO PAY OVERTIME TO J. LEMOS

49.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

50.

At all times material hereto, J. Lemos has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

51.

At all times material hereto, J. Lemos regularly worked at Defendants' direction and for Defendants' benefit in excess of forty (40) hours per week.

52.

At all times material hereto, Defendants failed to pay J. Lemos at one and one half times his regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

53.

At all times material hereto, Defendants willfully failed to pay J. Lemos at one and one half times his regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

54.

Defendants are liable to J. Lemos for the payment of overtime at one and one half times his regular rate in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

55.

Defendants are liable to J. Lemos for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

Defendants are liable to J. Lemos for his costs of litigation, including his reasonable attorneys' fees, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

**COUNT II**

**UNLAWFUL DEDUCTIONS FROM J. LEMOS' EARNINGS**

## IN ORDER TO PAY THE COST OF
## WORKERS'COMPENSATION INSURANCE PREMIUMS

### 57.

The allegations in all previous paragraphs above are incorporated herein by reference as if fully set out in this paragraph.

### 58.

J. Lemos did not have the right to exercise control over the time, manner and method of the work he performed while working as a painter for Defendants.

### 59.

Defendants paid J. Lemos on an hourly basis.

### 60.

At all times material hereto, MDK routinely deducted funds from J. Lemos' earnings in order to pay the cost of Workers' Compensation insurance premiums.

### 61.

At all times material hereto, ED routinely deducted funds from J. Lemos' earnings in order to pay the cost of Workers' Compensation insurance premiums.

14

62.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is a violation of O.C.G.A. 34-9-121(a).

63.

Deducting funds from an employee's earnings in order to pay cost of Workers' Compensation insurance premiums is contrary to the public policy of the State of Georgia.

64.

It is unlawful to deduct funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums.

65.

MDK and ED are liable to J. Lemos for the funds they unlawfully deducted from his earnings in order to pay the cost of Workers' Compensation insurance premiums in an amount to be determined at trial.

66.

MDK and ED are liable to J. Lemos for his costs of litigation, including his reasonable attorneys' fees.

### *Claims of Cruz*

67.

From on or about March 1, 2005 until March 28, 2012, Cruz was an "employee," as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

68.

From on or about March 1, 2005 until March 28, 2012, Cruz has been "engaged in commerce," as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT III

## FAILURE TO PAY OVERTIME TO CRUZ

69.

The allegations in all previous paragraphs above are incorporated herein by reference as if fully set out in this paragraph.

16

70.

At all times material hereto, Cruz has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

71.

At all times material hereto, Cruz regularly worked at Defendants' direction and for Defendants' benefit in excess of forty (40) hours per week.

72.

At all times material hereto, Defendants failed to pay Cruz at one and one half times his regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

73.

At all times material hereto, Defendants willfully failed to pay Cruz at one and one half times his regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

74.

Defendants are liable to Cruz for the payment of overtime at one and one half times his regular rate in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

75.

Defendants are liable to Cruz for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

76.

Defendants are liable to Cruz for his costs of litigation, including his reasonable attorneys' fees in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

**COUNT IV**

**UNLAWFUL DEDUCTIONS FROM CRUZ'S EARNINGS
IN ORDER TO PAY THE COST OF
WORKERS'COMPENSATION INSURANCE PREMIUMS**

77.

The allegations in all previous paragraphs above are incorporated herein by reference as if fully set out in this paragraph.

18

78.

Cruz did not have the right to exercise control over the time, manner and method of the work to be performed while working as a painter for Defendants.

79.

Defendants paid Cruz on an hourly basis.

80.

At all times material hereto, MDK routinely deducted funds from Cruz's earnings in order to pay the cost of Workers' Compensation insurance premiums.

81.

At all times material hereto, ED routinely deducted funds from Cruz's earnings in order to pay the cost of Workers' Compensation insurance premiums.

82.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is a violation of O.C.G.A. 34-9-121(a).

83.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is contrary to the public policy of the State of Georgia.

84.

It is unlawful to deduct funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums.

85.

MDK and ED are liable to Cruz in an amount to be determined at trial for the funds they unlawfully deducted from his earnings for in order to pay Worker's Compensation premiums.

86.

MDK and ED are liable to Cruz for his costs of litigation, including his reasonable attorneys' fees.

*Claims of Sanchez*

87.

From on or about March 1, 2005 until April 2, 2012, Sanchez was an "employee," as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

88.

From on or about March 1, 2005 until April 2, 2012, Sanchez has been "engaged in commerce," as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT V

## FAILURE TO PAY OVERTIME TO SANCHEZ

89.

The allegations in all previous paragraphs above are incorporated herein by reference as if fully set out in this paragraph.

90.

At all times material hereto, Sanchez has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

21

91.

At all times material hereto, Sanchez regularly worked at Defendants'
direction and for Defendants' benefit in excess of forty (40) hours per week.

92.

At all times material hereto, Defendants failed to pay Sanchez at one and
one half times his regular rate for work performed at Defendants' direction and for
Defendants' benefit in excess of forty (40) hours in any week.

93.

At all times material hereto, Defendants willfully failed to pay Sanchez at
one and one half times his regular rate for work performed at Defendants' direction
and for Defendants' benefit in excess of forty (40) hours in any week.

94.

Defendants are liable to Sanchez for the payment of overtime at one and one
half times his regular rate in an amount to be determined at trial, in accordance
with FLSA § 16(b), 29 U.S.C. § 216(b).

95.

Defendants are liable to Sanchez for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

96.

Defendants are liable to Sanchez for his costs of litigation, including his reasonable attorneys' fees in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## COUNT VI

### UNLAWFUL DEDUCTIONS FROM SANCHEZ'S EARNINGS IN ORDER TO PAY THE COST OF WORKERS'COMPENSATION INSURANCE PREMIUMS

97.

The allegations in all previous paragraphs above are incorporated herein by reference as if fully set out in this paragraph.

98.

Sanchez did not have the right to exercise control over the time, manner and method of the work to be performed while working as a driver and painter for Defendants.

23

99.

Defendants paid Sanchez on an hourly basis.

100.

At all times material hereto, MDK routinely deducted funds from Sanchez's earnings in order to pay the cost of Workers' Compensation insurance premiums.

101.

At all times material hereto, ED routinely deducted funds from Sanchez's earnings in order to pay the cost of Workers' Compensation insurance premiums.

102.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums violates O.C.G.A. 34-9-121(a).

103.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is contrary to the public policy of the State of Georgia.

104.

It is unlawful to deduct funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums.

105.

MDK and ED are liable to Sanchez in an amount to be determined at trial for the funds they unlawfully deducted from his earnings for in order to pay Worker's Compensation premiums.

106.

MDK and ED are liable to Sanchez for his costs of litigation, including his reasonable attorneys' fees.

## COUNT VII

## FAILURE TO PAY PREVAILING WAGE TO SANCHEZ

107.

The allegations in all previous paragraphs above are incorporated herein by reference as if fully set out in this paragraph.

25

108.

MDK assigned Sanchez to paint buildings owned and operated by the United States Government.

109.

ED assigned Sanchez to paint buildings owned and operated by the United States Government.

110.

MDK assigned Sanchez to paint buildings owned or operated by the United States Government pursuant to a contract requiring that Defendants pay its workers no less than the prevailing wage established by the Secretary of Labor.

111.

ED assigned Sanchez to paint buildings owned or operated by the United States Government pursuant to a contract requiring that Defendants pay its workers no less than the prevailing wage established by the Secretary of Labor.

112.

Sanchez painted buildings owned and operated by the United States Government at Defendants' direction and for Defendants' benefit.

113.

MDK failed to pay Sanchez at or above the prevailing wage established by the Secretary of Labor.

114.

ED failed to pay Sanchez at or above the prevailing wage established by the Secretary of Labor

115.

MDK and ED are liable to Sanchez for payment of the prevailing wage established by the Secretary of Labor for worked performed painting buildings owned or operated by the United States Government.

*Claims of S. Lemos*

116.

From on or about September 1, 2006 until March 30, 2012, S. Lemos was an "employee," as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

117.

From on or about September 1, 2006 until March 30, 2012, S. Lemos has been "engaged in commerce, as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT VIII

## FAILURE TO PAY OVERTIME TO S. LEMOS

118.

The allegations in all previous paragraphs above are incorporated herein by reference as if fully set out in this paragraph.

119.

At all times material hereto, S. Lemos has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

28

120.

At all times material hereto, S. Lemos regularly worked at Defendants'
direction and for Defendants' benefit in excess of forty (40) hours per week.

121.

At all times material hereto, Defendants failed to pay S. Lemos at one and
one half times Plaintiff's regular rate for work in excess of forty (40) hours in any
week.

122.

At all times material hereto, Defendants willfully failed to pay S. Lemos at
one and one half times his regular rate for work in excess of forty (40) hours in any
week.

123.

Defendants are liable to S. Lemos for payment of overtime at one and one
half times his regular rate in an amount to be determined at trial, in accordance
with FLSA § 16(b), 29 U.S.C. § 216(b).

124.

Defendants are liable to S. Lemos for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

125.

Defendants are liable to S. Lemos for his costs of litigation, including his reasonable attorneys' fees in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## COUNT IX

### UNLAWFUL DEDUCTIONS FROM S. LEMOS' EARNINGS IN ORDER TO PAY THE COST OF WORKERS' COMPENSATION INSURANCE PREMIUMS

126.

The allegations in all previous paragraphs above are incorporated herein by reference as if fully set out in this paragraph.

127.

S. Lemos did not have the right to exercise control over the time, manner and method of the work to be performed while working as a painter for Defendants.

30

128.

Defendants paid S. Lemos on an hourly basis.

129.

At all times material hereto, MDK routinely deducted funds from S. Lemos' earnings in order to pay the cost of Workers' Compensation insurance premiums.

130.

At all times material hereto, ED routinely deducted funds from S. Lemos' earnings in order to pay the cost of Workers' Compensation insurance premiums.

131.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is a violation of O.C.G.A. 34-9-121(a).

132.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is contrary to the public policy of the State of Georgia.

133.

It is unlawful to deduct funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums.

134.

MDK and ED are liable to S. Lemos for the funds they unlawfully deducted from his earnings in order to pay the cost of Workers' Compensation insurance premiums in an amount to be determined at trial.

135.

MDK and ED are liable to S. Lemos for his costs of litigation, including his reasonable attorneys' fees.

### *Claims of Garcia*

136.

From on or about April 1, 2009 until March 28, 2012, Garcia was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

137.

From on or about April 1, 2009 until March 28, 2012, Garcia has been "engaged in commerce," as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

# COUNT X

## FAILURE TO PAY OVERTIME TO GARCIA

138.

The allegations in all previous paragraphs above are incorporated herein by reference as if fully set out in this paragraph.

139.

At all times material hereto, Garcia has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

140.

At all times material hereto, Garcia regularly worked at Defendant's direction and for Defendant's benefit in excess of forty (40) hours per week.

141.

At all times material hereto, Defendants failed to pay Garcia at one and one half times his regular rate for work in excess of forty (40) hours in any week.

142.

At all times material hereto, Defendants willfully failed to pay Garcia at one and one half times Plaintiff's regular rate for work in excess of forty (40) hours in any week.

143.

Defendants are liable to Garcia for payment of overtime at one and one half times his regular rate in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

144.

Defendants are liable to Garcia for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

145.

Defendants are liable to Garcia for his costs of litigation, including his reasonable attorney's fees in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## COUNT XI

## UNLAWFUL DEDUCTIONS FROM GARCIA'S EARNINGS

## IN ORDER TO PAY THE COST OF
## WORKERS' COMPENSATION INSURANCE PREMIUMS

146.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

147.

Garcia did not have the right to exercise control over the time, manner and method of the work to be performed while working as a driver, foreman, and painter for Defendants.

148.

Defendants paid Garcia on an hourly basis.

149.

At all times material hereto, MDK routinely deducted a portion of Garcia's earnings in order to cover the cost of Workers' Compensation insurance.

150.

At all times material hereto, ED routinely deducted a portion of Garcia's earnings in order to cover the cost of Workers' Compensation insurance.

151.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is a violation of O.C.G.A. 34-9-121(a).

152.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is contrary to the public policy of the State of Georgia.

153.

It is unlawful to make deductions from an employee's earnings in order to pay the cost of Workers' Compensation insurance.

154.

MDK and ED are liable to Plaintiff for the funds they unlawfully deducted from Garcia's earnings in order to pay Workers' Compensation insurance premiums in an amount to be determined at trial.

155.

MDK and ED are liable to Plaintiff for his costs of litigation, including his reasonable attorneys' fees, to recover said unlawful deductions.

### *Claims of Ramirez*

156.

From on or about July 1, 2011 until March 28, 2012, Ramirez was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

157.

From on or about July 1, 2011 until March 28, 2012, Ramirez has been "engaged in commerce," as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT XII
## FAILURE TO PAY OVERTIME TO RAMIREZ

158.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

159.

At all times material hereto, Ramirez has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

160.

At all times material hereto, Ramirez regularly worked at Defendants' direction and for Defendants' benefit in excess of forty (40) hours per week.

161.

At all times material hereto, Defendants failed to pay Ramirez at one and one half times her regular rate for work in excess of forty (40) hours in any week.

162.

At all times material hereto, Defendants willfully failed to pay Ramirez at one and one half times her regular rate for work in excess of forty (40) hours in any week.

163.

Defendants are liable to Ramirez for payment of overtime at one and one half time the regular rate in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

164.

Defendants are liable to Ramirez for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

165.

Defendants are liable to Ramirez for her costs of litigation, including her reasonable attorneys' fees in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## COUNT XIII

### UNLAWFUL DEDUCTIONS FROM RAMIREZ'S EARNINGS IN ORDER TO PAY THE COST OF WORKERS' COMPENSATION INSURANCE PREMIUMS

166.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

39

167.

Plaintiff did not have the right to exercise control over the time, manner and method of the work to be performed while working as a painter for Defendants.

168.

Defendants paid Plaintiff on an hourly basis.

169.

At all times material hereto, MDK routinely deducted a portion of Ramirez's earnings in order to pay the cost of Workers' Compensation insurance premiums.

170.

At all times material hereto, ED routinely deducted a portion of Ramirez's earnings in order to pay the cost of Workers' Compensation insurance premiums.

171.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is a violation of O.C.G.A. 34-9-121(a).

172.

Deducting funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums is contrary to the public policy of the State of Georgia.

173.

It is unlawful to deduct funds from an employee's earnings in order to pay the cost of Workers' Compensation insurance premiums.

174.

MDK and ED are liable to Ramirez for the funds they unlawfully deducted from Ramirez's earnings in order pay Workers' Compensation insurance premiums in an amount to be determined at trial.

175.

MDK and ED are liable to Plaintiff for her costs of litigation, including her reasonable attorneys' fees, to recover said unlawful deductions.

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs' claims be tried before a jury;

41

2. That Plaintiffs be awarded amounts to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

3. That Plaintiffs be awarded an amount to be determined at trial against MDK and ED jointly and severally for the funds they unlawfully deducted from Plaintiffs' earnings in order to pay the cost of Workers' Compensation insurance premiums;

4. That Sanchez be awarded an amount to be determined at trial against MDK and ED in unpaid prevailing wage due under the Davis Bacon Act;

5. That Plaintiffs be awarded their costs of litigation, including their reasonable attorneys' fees from Defendants under the FLSA and O.C.G.A. § 13-6-11; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/s/CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER          CHARLES R. BRIDGERS
101 MARIETTA STREET            GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3171                 /s/ KEVIN D. FITZPATRICK, JR.

(404) 979-3170 (f)

kevin.fitzpatrick@dcbflegal.com

charlesbridgers@dcbflegal.com

KEVIN D. FITZPATRICK, JR.

GA. BAR NO. 262375

COUNSEL FOR PLAINTIFFS